Mark Werksman (State Bar No. 120767)
**WERKSMAN JACKSON & QUINN LLP**
888 West Sixth St., Fourth Floor
Los Angeles, CA 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942
Email: mwerksman@werksmanjackson.com

Karen Sosa (State Bar No. 269429)
**LAW OFFICE OF KAREN M. SOSA**
35 N. Lake Ave., Suite 710
Pasadena, CA 91101
Telephone: (213) 255-5459
Email: karen@sosalawpc.com

Attorneys for Defendant
REECE SMITH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> vs. <br><br> REECE BANGURA SMITH, <br><br> *Defendant.* | **CASE NO. 25-CR-00766-JFW** <br><br> **DEFENDANT REECE SMITH'S REPLY IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE** |

# TABLE OF CONTENTS

**EXHIBITS TO THE REPLY**                                                    **PAGE(S)**

EXHIBIT A – Search Warrant for 6 Rolex Watches dated June 13, 2024………5

Mark Werksman (State Bar No. 120767)
**WERKSMAN JACKSON & QUINN LLP**
888 West Sixth St., Fourth Floor
Los Angeles, CA 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942
Email: mwerksman@werksmanjackson.com

Karen Sosa (State Bar No. 269429)
**LAW OFFICE OF KAREN M. SOSA**
35 N. Lake Ave., Suite 710
Pasadena, CA 91101
Telephone: (213) 255-5459
Email: karen@sosalawpc.com

Attorneys for Defendant
REECE SMITH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> vs. <br><br> REECE BANGURA SMITH, <br><br> *Defendant.* | **CASE NO. 25-CR-00766-JFW** <br><br> **DEFENDANT REECE SMITH'S REPLY IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE** <br><br> **Judge: Hon. John F. Walter** <br> **Date: March 30, 2026** <br> **Time: 8:00 a.m.** |

**TO THE HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE, AND ASSISTANT UNITED STATES ATTORNEY BRENDA GALVÁN:**

The Government's opposition fails to rebut the presumption that a warrantless search or seizure violates the Fourth Amendment. Mr. Smith replies here to several issues raised in the Government's opposition.

## I.    COUNSEL'S DECLARATION SATISFIED LOCAL RULE 12-1.1

Local Criminal Rule 12-1.1 requires that a motion to suppress "shall be supported by a declaration on behalf of the defendant, setting forth all facts then known upon which it is contended the motion should be granted." (emphasis added). The Rule goes on to state that the declaration may only contain facts to which the declarant could competently testify.

First, the rule does not require a declaration by the defendant. It requires a declaration on his behalf. Second, the point of the declaration is to establish the relevant facts. The facts upon which Mr. Smith's motion is based are the search warrant applications, the warrants themselves, and Agent Gangwish's report. The declaration of Mr. Smith's counsel, submitted on his behalf, that the accompanying exhibits were accurate versions of those documents as provided by the Government is sufficient to establish the relevant facts. Third, not only was a further declaration unnecessary, there was no one who could have provided such a declaration. Neither Mr. Smith nor anyone not in the employ of the Government could competently testify as to the scope of the warrants or the probable cause bases for the warrants. Those are legal issues to be resolved, not facts to be sworn to in a declaration.

Furthermore, the cases the Government cites, United States v. Wardlow, 951 F.2d 1115 (9th Cir. 1991), and United States v. Herrera-Rivera, 832 F.3d 1166 (9th Cir. 2016), concern the denial of evidentiary hearings to resolve disputed facts. In both cases, the motions were evaluated on their merits and were not, as the Government erroneously represents, dismissed because of the failure to include a declaration. Mr. Smith does not seek an evidentiary hearing. The material facts in

1

this case are not in dispute. A motion to suppress may be decided on the existing record where no disputed factual issue requires testimony. United States v. Howell, 231 F.3d 615, 619 (9th Cir. 2000) (evidentiary hearing required only where defendant can "demonstrate that a significant disputed factual issue exists."). No such issue exists here. There are legal questions to be resolved on the record, not factual disputes.

As to the ownership of the phones, the accompanying Declaration of Reece Smith confirms that the two phones seized on June 13, 2024, were his personal property. However, even without this declaration, the fact that the phones were his was well established in the motion and accompanying exhibits. The Government's own documents, its exhibits, and Agent Gangwish's declaration all refer to the phones as belonging to Mr. Smith. There is no dispute here for which a further declaration was necessary. Nevertheless, one is provided. See, Declaration of Reece Smith.

## II. EXIGENT CIRCUMSTANCES DID NOT JUSTIFY THE WARRANTLESS SEIZURE NOR THE 43-DAY WARRANTLESS DETENTION OF MR. SMITH'S PHONES

### A. The Government Did Not Have Probable Cause to Seize Mr. Smith's Phones

The Government's core substantive argument is that law enforcement had probable cause to seize Mr. Smith's phones because "the same probable cause that existed to seize digital devices from the Subject Storage Units transposed to defendant." Government's Opposition, ECF Doc. No. 59, p. 20. This theory fails because probable cause to seize items found in one place is not probable cause to seize items found on a person nearby that place. Furthermore, the probable cause that supported the June 12 warrants contained almost nothing connecting these specific devices, nor indeed any phone belonging to Mr. Smith, to the alleged conspiracy.

Agent Gangwish's June 12 probable cause affidavit contains not one single fact connecting Mr. Smith's devices to the conspiracy. Agent Gangwish's probable cause as to Smith consisted entirely of the facts that Mr. Smith was a lessee and user of the storage units and that Mr. Smith granted access to the units to two alleged co-conspirators. There is not one fact concerning Mr. Smith using his phones to do anything related to the conspiracy. There are blanket conclusions that drug dealers' phones contain evidence (the same conclusions are repeated in the Government's opposition to the motion) but there is not one fact or particularized suspicion relating to this particular defendant or these particular phones. Such a categorical inference is not particularized probable cause. Illinois v. Gates, 462 U.S. 213, 238 (1983). As detailed in the motion, this same deficiency exists as to the probable cause underlying the July 26 warrant, an argument the Government simply did not address in its opposition.

Furthermore, the probable cause developed for the storage units does not bridge this gap. First, there was greater probable cause as to the units than as to Mr. Smith's person. Video footage purports to show the initial shipment that kicked off the investigation being stored at the storage unit. The units were used by multiple people who came and went multiple times during Agent Gangwish's investigation. Inside one of the units, law enforcement found packaging wrap and a safe. None of these facts provide probable cause as to Mr. Smith's person. Second, the privacy interest in the storage unit is far less than the privacy interest in Mr. Smith's person. The Fourth Amendment interests implicated by seizing a phone from a person's body are of a fundamentally greater magnitude. The Government's transposition theory collapses two critical distinctions: the probable cause for the storage units was stronger, and the privacy interest in those units was far weaker than the privacy interest in a phone carried on one's person.

//

3

**B. Exigent Circumstances Did Not Justify the Warrantless Seizure**

The Government argues that exigent circumstances justified the warrantless seizure of Mr. Smith's phones because, having learned about the investigation, he might have deleted evidence on the phones. The existence of that risk – entirely foreseeable given that Smith was a known suspect and that nine search warrants of four locations and four alleged co-conspirators were being executed that day – does not establish exigent circumstances such that the Government could not have reasonably attempted to obtain a warrant for the phones. The Government had an obvious and available alternative to warrantless seizure: obtaining a telephone warrant on the spot.

The Ninth Circuit defines exigent circumstances as those that "would cause a reasonable person to believe that [. . .] prompt action was necessary to prevent the destruction of relevant evidence." United States v. Martinez, 406 F.3d 1160, 1164 (9th Cir. 2005). The exigency exception exists to address genuine emergencies in which there is no time to secure a warrant. It does not exist to excuse the failure to seek a warrant when the opportunity was readily available.

Agent Gangwish had identified Mr. Smith as a co-conspirator before he applied for the June 12 warrants. He knew Mr. Smith was the lessee of the storage units. He obtained nine warrants on June 12; four of them for co-conspirators' persons and their digital devices. Agent Gangwish could easily have applied for an identical warrant for Mr. Smith's person and devices. That omission was deliberate. The risk that Mr. Smith might find out about the investigation when search warrants were executed on June 13 was high and foreseeable, whether or not he was present at the storage facility. It was a predictable consequence of executing warrants at units connected to that suspect without first obtaining authorization to search him and seize his devices.

The Government also could have obtained a warrant for Smith's phones on the spot. Agent Gangwish did exactly that on June 13, obtaining a warrant for the Rolex watches located in the storage unit safe. Exhibit A. Those watches were seized and a telephone warrant was obtained the same day. The same procedure could have been followed for Mr. Smith's phones. The Government chose not to follow that procedure and cannot now invoke exigent circumstances to excuse the choice it made.

### C. The 43-Day Delay in Obtaining a Warrant Was Unreasonable

Even if the initial seizure of the phones had been lawful, which it was not, the Government's retention of Mr. Smith's phones for 43 days without a warrant was not reasonable and constitutes an independent Fourth Amendment violation requiring suppression.

In United States v. Mitchell, 565 F.3d 1347 (11th Cir. 2009) the Eleventh Circuit considered a computer hard drive that was held pending search warrant for three weeks. The government claimed the delay was caused by the Agent being unavailable to do the search. The Court explained that the purpose of obtaining a search warrant for seized property "is to ensure its prompt return should the search reveal no such incriminating evidence." Id. at 1352. The Court also noted the strong possessory interest in a hard drive which, just like a cell phone, is "the digital equivalent of its owner's home, capable of holding a universe of private information." Id. The Court held that the delay of 21 days was unreasonable where no effort was made to obtain a warrant within a reasonable time. Id. at 1353.

Here, the Government argues that the delay was reasonable because agents were occupied processing 15 other digital devices seized from co-conspirators. Unlike Mr. Smith's phones, every one of those other devices was seized pursuant to a warrant. The Government's justification has no support in the law. The Ninth Circuit has held that a delay of three weeks before seeking a search warrant for

5

seized mail was unreasonable in no small part because "the delays could have been much shorter if the police had acted diligently." United States v. Dass, 849 F.2d 414, 415 (9th Cir. 1988). This was so even though investigators had seized over 1000 packages and were authoring 75 search warrants per week. Id. at 416. The Court stated, "The government, in effect, asks us to hold that law enforcement officials may obtain search warrants for mailed packages at their leisure." Id. at 415. That is the thrust of the Government's request of this Court. The Fourth Amendment does not permit the warrantless detention of a person's phone for six weeks because agents were busy.

The relevant question is not whether agents had other things to do but whether there was a genuine obstacle to seeking a warrant promptly, and Agent Gangwish's declaration identifies no such obstacle. Agent Gangwish obtained a warrant for the Rolex watches on June 13, the same morning the phones were seized. He had everything he needed to seek a warrant for the phones at the very moment the phones were seized; the July 26 affidavit contained no new information the Agent did not have on June 13. This 43-day delay reflects not a genuine obstacle but another deliberate choice to operate outside the warrant requirement.

## III.    MR. SMITH'S SUBSEQUENT ACTIONS DO NOT CURE THE GOVERNMENT'S FOURTH AMENDMENT VIOLATION

The Government's abandonment argument inverts the Fourth Amendment. It contends that Mr. Smith forfeited his Fourth Amendment interest in his phones because, after law enforcement seized them without a warrant, he called Agent Gangwish and asked for his phone back. The Agent told him to come to the HSI office, which Mr. Smith wisely declined to do. The Government characterizes this as abandonment. It is the opposite.

Abandonment in the Fourth Amendment context requires "words, acts, or other objective indications" that a person has relinquished his reasonable expectation of privacy at the time of the search or seizure. United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir. 1986). A person who calls law enforcement the day after his property was seized in order to demand its return has not abandoned that property. He has done precisely the opposite.

That a suspect under investigation by the federal government declined to physically enter the HSI office and communicate further with the lead Agent is an exercise of reasonable caution. The Government cannot seize a man's property without a warrant, invite him to come retrieve it from a federal law enforcement office while he is under active investigation, and then argue that his failure to show up constitutes abandonment of his Fourth Amendment right. That argument has no basis in law and would create a perverse incentive structure in which the Government could seize property without a warrant, then paper over that violation by extending an invitation the suspect would be unwise to accept.

The Government's reliance on United States v. Johns, 469 U.S. 478 (1985), United States v. Johnson, 875 F.3d 1265 (9th Cir. 2017), and United States v. Mulder, 889 F.2d 239 (9th Cir. 1989), is misplaced. In each of those cases, part of the Court's decision was that the property at issue was lawfully obtained, which is not the case here. In Johns, the three-day delay was reasonable in important part because, "Respondents do not challenge the legitimacy of the seizure," and thus had not alleged that the delay adversely affected a Fourth Amendment interest. Id. at 487. In Johnson, the delay was found reasonable in significant part because the defendant was a parolee with a diminished privacy interest in his phone, a status that does not apply here, where Riley v. California, 573 U.S. 373 (2014) makes clear that the privacy interest in a personal cell phone is among the most protected recognized by the Fourth Amendment. And in Mulder, the delay was attributable

7

to the judicial appeal process rather than government inaction. These cases were not decided based on whether the defendant had properly and repeatedly claimed his property, as the Government suggests.

Moreover, abandonment is irrelevant to the question here. The first Constitutional violation occurred at the moment of the warrantless seizure on June 13. Whatever Mr. Smith did or did not do afterward does not retroactively render that seizure lawful. Nor does his action or failure to act render the six-week delay lawful. Nor does his action or failure to act create probable cause for the July 26 warrant. The Government's abandonment theory, taken to its logical conclusion, would mean that any defendant who fails to persistently and physically demand return of unlawfully seized property loses his right to privacy and suppression.

For these and all the reasons stated in his original motion, Mr. Smith respectfully requests that this Court suppress the evidence collected during the unlawful search of his cell phones.

Dated: March 19, 2026                    Respectfully submitted,

                                         /s/ Karen M. Sosa
                                         Mark J. Werksman
                                         Karen M. Sosa
                                         *Attorneys for Reece Smith*

8